IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MISSOURI PROTECTION & ADVOCACY SERVICES, Inc., | ) ) ) |
| Complainant, | ) ) |
| vs. | ) Case No.: 6:11-cv-3327 ) |
| Jimmie D. Russell, in his official capacity as Sheriff of Taney County, and Donna Neeley, in her official capacity, as Clerk of Taney County, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff/Complainant Missouri Protection & Advocacy Services (hereinafter "MO P&A") brings this action to challenge the refusal of Defendants to provide documents relating to John Doe, an individual with a mental illness who died while being confined in the Taney County Jail.

2. Pursuant to the Protection and Advocacy for Individuals with Mental Illness Act (hereinafter PAIMI Act), 42 U.S.C. §§ 10805 and 10806, MO P&A is entitled to review and obtain copies of records of persons with mental illness to whom it provides services, and to investigate allegations of death, abuse and neglect of persons with mental illness.

3. MO P&A is granted the authority under the federal PAIMI Act to investigate incidents of death, abuse and neglect of individuals with mental illness if the incidents are reported to MO P&A or if MO P&A has probable cause to believe the incidents occurred. 42 U.S.C. § 10805.

1

(a)(1)(A). This investigatory authority includes investigations of death, abuse and neglect of individuals with mental illness when the death occurs while the individual is in a municipal jail or other detention facility. 42 U.S.C. § 10802(1), (3),(4)(A) & (4)(B)(i)(I) &(III); 42 C.F.R. Ch. 1, Part 51.2. MO P&A is specifically entitled to, among other records, "[p]rofessional, performance, building or other safety standards, demographic and statistical information relating to the facility." 42 C.F.R. § 51.41(c)(5). Further, if the record custodian refuses to provide records, MO P&A is authorized to be provided promptly with a written statement of the reasons for the denial. 42 C.F.R. § 51.43.

4. As set forth below, MO P&A, through its duly authorized advocacy staff employees and counsel, have made repeated requests to Defendants for the records related to John Doe and the facility he was in. Specifically, MO P&A has requested the policies of the Taney County Jail, specifically related to the job duties of staff that provide care, oversight, and monitoring of a person housed in the jail, and specific information on how a person is monitored and how that information is recorded. Defendant Jimmie Russell, Sheriff of Taney County, has refused to produce the records requested, alleging they are confidential. Further attempts by MO P&A to obtain the records have been unsuccessful. In addition, MO P&A has requested, via Missouri's Sunshine Law, Mo.Rev.Stat. § 610.023 (2010), the same records from Donna Neely, Clerk of Taney County, and has received no formal response to this request as is required under Missouri Law other than that the matter was referred to Taney County's attorney.

5. Defendants' refusal to provide the requested records to MO P&A violates the PAIMI Act and Missouri Sunshine Law.

6. Defendants' refusal to provide the requested records has impeded and obstructed MO

2

P&A's attempts to discharge its federal statutory duty to complete an investigation of the allegations of death, abuse and neglect regarding John Doe's care at the Taney County Jail.

7. MO P&A seeks a declaratory judgment that Defendants, by refusing to provide MO P&A the requested records, have violated federal law, and further seeks a preliminary and permanent injunction requiring Defendants to provide the requested records to MO P&A forthwith.

## JURISDICTION AND VENUE

8. Count I of this action is authorized by 42 U.S.C. § 1983, 28 U.S.C. §§ 2201-02, and 42 U.S.C. § 10807. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. This Court has jurisdiction over Count II of this action (Missouri Sunshine Act claim) pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), in that such claim is so related to the original jurisdiction claims that they form the same case or controversy (the exact same records are at issue in both matters).

10. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) in that, at all times relevant hereto, Defendants are located and reside in Taney County, Missouri.

## PARTIES

11. MO P&A is a non-profit public interest law firm designated by the Governor of the State of Missouri as the federally mandated legal advocacy system in the State of Missouri for protection of the rights of persons with disabilities, including but not limited to protection and advocacy of the rights of persons with mental illness, pursuant to the federal Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. §10801, *et. seq.* As such,

MO P&A is authorized to pursue legal, administrative, and other appropriate remedies on behalf of individuals with mental illness pursuant to 42 U.S.C. § 10801 *et seq*. and 42 U.S.C. § 10807. MO P&A spends considerable time and resources monitoring and investigating conditions and allegations of abuse and neglect at private and state institutions; and in advocating for the rights of people residing in those institutions.

12. Defendant Jimmie D. Russell, now and at all times relevant hereto, is the Sheriff of Taney County, Missouri, and is responsible for the supervision and management of the Taney County Jail, its employees, its inmates, and all policies and procedures of that facility.

13. Defendant Donna Neely, now and at all times relevant hereto, is the Clerk of Taney County, Missouri, and as such, is responsible for maintaining Taney County government records in accordance with state and federal law; and for providing copies of records to authorized agencies, including Complainant MO P&A, upon request and pursuant to MO P&A's federal records access authority and federally mandated investigatory authority, as well as under the Missouri Sunshine Law.

14. MO P&A has made repeated, good faith, and diligent efforts to obtain the above-mentioned records from Defendants without resorting to litigation.

**FACTS AS TO ALL COUNTS**

15. On April 29, 2010, MO P&A received a Consumer Death Notification from the Department of Mental Health, indicating that John Doe, an inmate at the Taney County jail, had committed suicide in his jail cell on April 23, 2010.

16. Pursuant to its mandate under the PAIMI Act, MO P&A opened an investigation of the death of John Doe on April 29, 2010, and the investigation was assigned to an Advocacy Specialist.

17. During the course of her investigation, the Advocacy Specialist sent a series of letters requesting records, including one dated July 13, 2010, addressed to Sheriff Russell, requesting: "1) a copy of the policies and procedures of the Taney County Jail, 2) a listing of job duties of staff who provide the care, oversight, and monitoring of a person who is housed at your jail, and 3) specific information on how a person is monitored and how that information is recorded, including the frequency or number of times per day they are observed."

18. Sheriff Russell responded to this letter on July 19, 2010, indicating that the above records could not be released because it "would compromise the security of our facility."

19. Counsel for MO P&A wrote to Sheriff Russell on July 30, 2010, reiterating MO P&A's authority to request these records, and explaining the need to obtain the records because there were indications John Doe was in a depressed state when he was successful in committing suicide.

20. Sheriff Russell responded on August 5, 2010, referring the matter to his attorney for handling.

21. On September 24, 2010, attorney for Taney County wrote to MO P&A Counsel, indicating his office was representing Taney County, and that he was reviewing the materials sent to ascertain the implication of producing the same.

22. Between October and December of 2010, several attempts were made to reach the attorney for Taney County by phone, but contact was not made.

23. On January 6, 2011, counsel for MO P&A wrote to Taney County's attorney, requesting an update and citing to MO P&A's access authority to specific records, particularly 42 C.F.R. § 51.41(c)(5), which allows access to "professional, performance, building or other safety standards, demographic and statistical information related to the facility."

24. Attorney for Taney County and MO P&A counsel communicated by telephone on January 7th, 2011, at which time attorney for Taney County requested additional time to go over the records and requests. Counsel for MO P&A granted the request.

25. Not having heard back from Taney County's attorney, counsel for MO P&A wrote to him on March 2, 2011, requesting a follow up and advising that litigation could result for failure to respond.

26. On March 17, 2011, attorney for Taney County and Counsel for MO P&A spoke by telephone, at which time counsel for Taney County noted that he had been sick, and again requested time to review the requests.

27. During the week of March 28, 2011, attorney for Taney County and counsel for MO P&A spoke by telephone. Attorney for Taney County proposed that Taney County could file a declaratory judgment action in federal court in order to resolve the issue, and would cover the filing fees and costs for the same. Counsel for MO P&A agreed to this course of action, and even agreed to some form of limited protective order to protect the jail policies from being produced to third parties, even though MO P&A's federal access authority does not require them to so agree.

28. On March 31, 2011, MO P&A counsel again wrote to attorney for Taney County requesting follow up.

29. On May 16, 2011, after not having heard back from Taney County's attorney, and in a further attempt to avoid litigation and expedite the matter, counsel for MO P&A made a Missouri Sunshine Law request to Defendant Neeley, seeking the same records.

30. After receiving no response to the Sunshine Law Request as is required pursuant to state statute, MO P&A counsel contacted Ms. Neeley's office on June 1, 2011, and was told the matter had been forwarded to Taney County's attorney for handling.

31. On June 3, 2011, counsel for MO P&A again contacted counsel for Taney County via letter, advising counsel that Taney County had failed to act on both the PAIMI Act request and Sunshine Law Request, and that MO P&A had authority to move forward with litigation.

32. On June 28, 2011 counsel for MO P&A made one final attempt to contact counsel for Taney County via letter, re-asserting MO P&A's federal access rights, and requesting a written response to its Sunshine Law request to which it is entitled under Missouri law.

33. Defendants have failed to respond or provide any legal basis for refusing access to the records sought, either under an exception to the federal PAIMI ACT, or exception to Missouri's Sunshine Law.

## COUNT I

### PROTECTION AND ADVOCACY FOR INDIVIDUALS
### WITH MENTAL ILLNESS ACT

34. The State of Missouri receives federal funds under the Protection and Advocacy for Individuals with Mental Illness Act, ("PAIMI"), and therefore, it is required to have in effect a system to protect and advocate for the rights of individuals with mental illness. 42 U.S.C.§ 10803. MO P&A has been designated by state officials to be that system. MO P&A is the "eligible system" under the PAIMI Act, see 42 U.S.C. § 10802(2), which is designated to "(A)

protect and advocate the rights of individuals with mental illness; and (B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. 10803(2)(A) and (B).

35. The PAIMI Act authorizes MO P&A to have access to records concerning any individual who has died or who may be unable to authorize access due to a physical or mental condition, and MO P&A has probable cause to believe the individual has been the subject of abuse or neglect. 42 U.S.C. § 10805(a)(4)(B) and § 10806 *et seq*. This investigatory authority includes investigations of abuse and neglect of individuals with mental illness, when the death occurs while the individual is in a municipal jail or other detention facility. 42 U.S.C. § 10802(1), (3),(4)(A) & (4)(B)(i)(I) &(III); 42 C.F.R. Ch. 1, Part 51.2.

36. Mo P&A is specifically entitled to, among other records, "[p]rofessional, performance, building or other safety standards, demographic and statistical information relating to the facility." 42 C.F.R. § 51.41(c)(5).

37. MO P&A's request for records and investigational information pertaining to John Doe, including the jail's policies as outlined above, falls within the description of records contained in 42 U.S.C. §§ 10805-10806 and 42 C.F.R. § 51.42.

38. By refusing to provide the access requested by MO P&A, Defendants have violated the PAIMI Act and the regulations promulgated pursuant to same.

39. Due to Defendant's violation of the PAIMI Act, MO P&A is irreparably harmed as it is prevented from carrying out its responsibilities under those Acts, and has been forced to expend considerable time, personnel resources, and financial resources to attempt to comply with its federal statutory mandate in this matter.

40. Unless Defendants are enjoined to provide to MO P&A the access required by the PAIMI Act, MO P&A will continue to be irreparably harmed and will be unable to fully protect and advocate for persons with disabilities.

41. There is no remedy at law available to Plaintiff.

WHEREFORE, Plaintiff requests that the Court exercise jurisdiction over this action; that the Court declares that Defendants' actions and inactions violate the PAIMI Act and 42 U.S.C. § 1983; that the Court order Defendants to provide MO P&A the following: 1) a copy of the policies and procedures of the Taney County Jail; 2) a listing of job duties of staff who provide the care, oversight, and monitoring of a person who is housed at the jail; and 3) specific information on how a person is monitored and how that information is recorded, including the frequency or number of times per day they are observed. MO P&A further requests that the Court issue such other relief as may be just, equitable and appropriate, including an award of reasonable attorney's fees and expenses under 42 U.S.C. § 1988.

## COUNT II
## MISSOURI SUNSHINE LAW

42. Defendant Russell, as Taney County Sheriff, qualifies as a "Public governmental body" as defined by Mo.Rev.Stat. § 610.010(4) (2010).

43. It is the public policy of the State of Missouri that all records of public governmental bodies be open to the public "unless otherwise provided by law." Mo.Rev.Stat. § 610.011 (2010).

44. Each governmental body is required to allow access to its records upon written request to the custodian of records (in this case Defendants Russell and Neeley). Mo.Rev.State. § 610.023 (2010).

45. Each request is to be acted upon no "later than the end of the third business day following the date the request is received by the custodian of records of a public governmental body." Mo.Rev.Stat. § 610.023.3 (2010).

46. If a request is denied, the custodian is to provide a written statement of the grounds for such denial. Mo.Rev.Stat. § 610.023.4 (2010).

47. Injunctive relief is provided for under Missouri Law for a violation of the Sunshine Act. Mo.Rev.Stat. § 610.030 (2010).

48. A knowing violation of the Missouri Sunshine Law also allows for civil penalties, as well as costs and reasonable attorney fees. Mo.Rev.Stat. § 610.027 (2010).

49. As outlined above, Defendants have not only refused to provide access to the records requested within the proscribed time period, but have also refused to provide any grounds for denial with citations to statute or regulation supporting the denial of access.

WHEREFORE, Plaintiff demands judgment against defendants and for this Court to Order the defendants to produce: 1) a copy of the policies and procedures of the Taney County Jail; 2) a listing of job duties of staff who provide the care, oversight, and monitoring of a person who is housed at the jail; and 3) specific information on how a person is monitored and how that information is recorded, including the frequency or number of times per day they are observed. Further, pursuant to § 610.027, Plaintiff requests that all costs and attorney's fees are granted to the Plaintiff, and any further orders as the Court deems appropriate.

Respectfully Submitted,


/S/  MATTHEW L. GROSSMANN # 58800MO
Staff Attorney II
Missouri Protection and Advocacy Services
1992 Innerbelt Business Center Drive
Overland, MO  63114
(314) 785-1702 ext. 222
(314) 785-1707 facsimile
matthew.grossmann@mo-pa.org



/S/ SUSAN K. ECKLES #38641MO
Managing Attorney
Missouri Protection and Advocacy Services
1992 Innerbelt Business Center Drive
St. Louis, MO 63114
314-785-1702 Telephone;
314-785-1707  Facsimile
susan.eckles@mo-pa.org E-Mail

11